UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01996-JLS-JDE                                  Date: January 25, 2018
Title: Timothy Ashcroft v. HEC Global, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                   Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 16)**

Before the Court is Plaintiff Timothy Ashcroft's Motion to Remand Case. (Doc. 16.) Defendant HEC Global, Inc. opposed, and Ashcroft replied. (Opp., Doc. 21; Reply, Doc. 22.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for January 26, 2018, at 2:30 p.m., is VACATED. Having read and considered the papers, the Court GRANTS Ashcroft's Motion.

## I.     BACKGROUND

This case arises from a contract and employment dispute between Ashcroft and his employer, HEC. (Compl. ¶¶ 12-20 , Doc 1-2.) Ashcroft asserts that in or around November 2016, HEC offered him a new position based in Taiwain. (*Id*. ¶ 13.) Because the position would necessitate moving his family to Taiwan, Plaintiff alleges that he sought assurances that he would be with the company for a significant enough period to justify the move. (*Id*. ¶ 14.) He alleges that he relied upon assurances from the company that he was "like family," but was ultimately terminated four months after relocating to Taiwan. (*Id*. ¶¶ 16-17.)

Following his termination, Ashcroft filed suit in Orange County Superior Court. (Compl.) His Complaint alleged the following causes of action: (1) breach of employment contract; (2) misrepresentation pursuant to Labor Code section 970; (3)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01996-JLS-JDE					Date:  January 25, 2018
Title: Timothy Ashcroft v. HEC Global, Inc.

negligent misrepresentation; (4) intentional misrepresentation; (5) waiting time penalties in violation of California Labor Code sections 201 through 203; and (6) defamation (*Id*. ¶¶ 21-58).  On November 10, 2017, HEC removed the action on the basis of diversity jurisdiction.  (Not. of Removal, Doc. 1.)  In its Notice of Removal, HEC stated that Ashcroft is a resident of Taiwan and should be considered a citizen thereof for purposes of removal.  (*Id*. ¶¶ 8-9).  It stated that it was a citizen of California, as it was incorporated in and has its principal place of business in California.  (*Id*. ¶ 10.)  Finally, because Ashcroft claimed in his complaint that he was due severance in an amount equal to his annual salary of $250,000, HEC alleged that the amount in controversy requirement for diversity jurisdiction was satisfied.  (*Id*. ¶ 14.)

Eleven days later, HEC filed an Amended Notice of Removal.  (Doc. 12.)  HEC still claimed that the Court had jurisdiction because the parties were diverse, but alleged that Ashcroft was not a citizen of Taiwan and instead should be considered a citizen of Oregon, the state where he received his paychecks.  (*Id*. ¶ 6.)  HEC claimed that it had been erroneously sued and the proper defendant was HEC International, Ltd., which is headquartered in Taipei.  (*Id*.)  HEC explained that it "inadvertently omitted" this information from its original Notice of Removal.  (*Id.*)  This briefing followed.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. section 1441(b)(2), a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  In the Ninth Circuit, the removal statute is "strictly construed . . . against removal jurisdiction."  *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992).  Third-party defendants cannot remove actions to federal court.  *Westwood Apex v. Contreras*, 644 F.3d 799, 805-806 (9th Cir. 2011).

## III.    DISCUSSION

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:17-cv-01996-JLS-JDE | Date: January 25, 2018 |
| Title: Timothy Ashcroft v. HEC Global, Inc. | |

There is no dispute that the defendant sued in the state court action is a citizen of California. Accordingly, absent some exception to the rule against a local defendant removing a case to federal court, the Court must remand. HEC has alleged no authority supporting its position that it can unilaterally substitute a different defendant for the one named in the complaint. Moreover, citizenship is determined by the citizenship of the parties as of the filing of the original complaint. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.3d 1376, 1380 (9th Cir. 1988). The complaint was unambiguously filed against HEC Global; HEC Global is the entity that removed the action. HEC offers no legal authority that would allow the Court to determine citizenship based an Amended Notice of Removal filed eleven days after the first notice and more than a month after the allegedly incorrect entity had originally been served. Nor is the Court convinced that the amendment was due to an inadvertent omission; the Amended Notice entirely upends the citizenship of the parties as pleaded in the original Notice of Removal.

Accordingly, the Court concludes that this action was improperly removed by a local defendant.

## IV. CONCLUSION

For the reasons stated above, the Court REMANDS the action to the Superior Court of California, County of Orange, Case Number 30-2017-00948385-CU-OE-CJC. The Court declines to impose sanctions.

Initials of Preparer: tg